**DECLARATION of DANIEL CASAREZ**

I, Daniel Casarez, do hereby declare:

**BACKGROUND/EXPERIENCE**

1.      I have been employed as a Police Officer with the Springfield Police Department (SPD) since April 2019. I am currently working as a Task Force Officer, assigned to the Drug Enforcement Administration (DEA) Eugene Resident Office (ERO).  My current job assignment is the investigation of violations of Title 21, United States Code, Sections 841(a)(1), 846, 843(b), and 856, which includes the detection, identification, and apprehension of those individuals involved in narcotics trafficking offenses.  My training and experience include completion of basic training and the attainment of the Intermediate Police Certification from the Oregon Department of Public Safety Standards, as well as completion of the DEA Task Force Officer School #27, which included training on the investigation, detection, and identification of controlled substances and conspiracy and complex investigations training. Additionally, I have received specific training in both Federal and State asset forfeiture though DEA's Task Force Officer School and the Oregon Narcotics Enforcement Association's Training Institute.

2.      I have participated in numerous narcotics investigations since my employment with the SPD as a case lead. I have consulted and conversed with several other agents and officers from various local, state, and federal agencies on various drug cases.  As a result of this and my own experience and training, I am familiar with heroin, cocaine, methamphetamine, marijuana, other controlled substances and the methods employed by traffickers of these narcotics.

**Declaration of Daniel Casarez**                                                    **Exhibit A Page 1**

## PURPOSE OF THIS DECLARATION

3.      This declaration is submitted in support of a complaint *in rem* for forfeiture of the following items:

        a.  A grey 2021 Toyota Tundra truck, VIN# 5TFDY5F14MX962077, registered to Villy Chanthavong (hereinafter referred to as the "**Defendant Truck**"); and

        b.  Real property located at 38097 Camp Creek Rd, Springfield, Lane County, Oregon. Address is within the boundaries of Lane County Tax Lot 17-01-30-00-00907 (hereinafter referred to as the "**Defendant Real Property**").

4.      In this declaration I will demonstrate, based on the evidence I have reviewed, that there is probable cause to believe, and I do believe that the **Defendant Truck** was used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of marijuana, in violation of 21 U.S.C. §§ 841, 846, and 856, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

5.      I also believe that the **Defendant Real Property** was used or intended to be used to commit or to facilitate the illegal production, and distribution of marijuana, in violation of 21 U.S.C. §§ 841, 846, and 856, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

6.      The facts in this declaration come from my personal observations, my training and experience and information obtained from other agents, deputies, and officers.  This declaration is for the limited purpose of establishing probable cause. Therefore, I have not set forth each fact learned during the investigation, but only those facts and circumstances necessary to establish probable cause.

**Declaration of Daniel Casarez**                                                    **Exhibit A Page 2**

## REAL PROPERTY DESCRIPTION

7.      The Lane County Assessor's Summary Report for 2024 lists Villy Chanthavong as the owner of 38097 Camp Creek Rd, Springfield, Oregon, the **Defendant Real Property**. The mailing address on RLID for Villy Chanthavong is on Osprey Drive, Springfield Oregon.

8.      The **Defendant Real Property** is a rural property, 3.84 acres in size, with a 1983 Champion mobile home 60'x14' in length and four greenhouses. The greenhouses were approximately 16' wide, but varied by length including one 40' long, one 65'long, and two that were 80' in length.

## SUMMARY OF THE INVESTIGATION

### A.  Surveillance of Property

9.      In early 2023, the Lane County Sheriff's Office (LCSO) obtained a tip from the Oregon Liquor Cannabis Commission (OLCC). OLCC advised that they received a tip from a neighbor about a marijuana cultivation operation on the **Defendant Real Property**. The caller advised OLCC that the new owner of the **Defendant Real Property** moved in, and the property seemed to be used primarily as a marijuana cultivation operation in greenhouses, which was negatively affecting the neighborhood water wells. The identity of this individual is known to law enforcement, has no criminal history, was motivated by the impact on the environment and neighborhood, and did not receive any benefit from providing the information.

10.     Detectives learned that two elderly individuals lived at the property since at least 2021 in the mobile home. DMV records show it was their residence since June 2021, and police had been dispatched to the property in October 2022 responding to a call for service for a suicide of the son of the elderly couple.

**Declaration of Daniel Casarez**                                               **Exhibit A Page 3**

11.     LCSO Detectives checked on this site multiple times in August 2023 and observed mature growing marijuana plants in the greenhouses.  The odor of growing marijuana was very strong at that time.

12.     While conducting the surveillance in July 2023, LCSO Detectives observed a younger male working at the marijuana cultivation operation with the elderly couple.  LSCO Detectives were later able to positively identify the younger male as the owner of the property, Villy Chanthavong, with a legal name of Vilaphorn Villy Chanthavong.

13.     LCSO was unable to address this marijuana cultivation location in 2023, and the subjects who had cultivated the marijuana had already harvested all the growing marijuana by the end of 2023.  Detectives continued to monitor the location and stay in touch with several of the neighbors.

14.     In April 2024, LCSO Detectives checked in with one of the neighbors near the **Defendant Real Property** and was told that law enforcement had permission to drive up their private driveway adjacent to the marijuana cultivation operation.[1]  As law enforcement drove past **Defendant Real Property**, they could see several pots in the greenhouses.  During the ongoing investigation in May and June 2024, law enforcement conducted surveillance from the adjacent property and began to see the growing marijuana plants inside the greenhouses.  The odor of growing marijuana was consistent with what was observed visually in the greenhouses.

15.     LCSO Detectives looked at a Google Earth image of the property dated July 22, 2021, and confirmed the locations of the greenhouses.  The image, below, depicted greenhouse-

---

[1] A wood fence separates the neighbor's property from the **Defendant Real Property**, which allowed law enforcement to do surveillance without encroaching on the **Defendant Real Property**.

type structures that appear to have green plants growing as well as more plants outside the greenhouses, consistent with a marijuana-growing operation:



16.    LCSO Detectives learned from Lane County records that Villy Chanthavong purchased the **Defendant Real Property** for $118,000 in October 2019.  Google Earth images of the **Defendant Real Property** in October 2019, show a nearly vacant property with a large trash pile, and there was no clear evidence of a marijuana cultivation operation at that time.  Google Earth images show that in March 2020, five months after Villy Chanthavong purchased the **Defendant Real Property**, three greenhouses were erected on the property.  By July 2021, Google Earth images show a fourth greenhouse had been constructed.

**Declaration of Daniel Casarez**                                    **Exhibit A Page 5**

17.     The **Defendant Real Property** address was checked through OLCC, ODA, and OMMP licensing records on July 30, 2024.  LSCO learned that the address was not a licensed marijuana or hemp cultivation site for any of those agencies.

18.     In August 2024, a LCSO Detective applied for and was granted a thirty-day drone warrant and observed the **Defendant Real Property** by drone multiple times throughout August 2024, as shown below.  Each time surveillance was established via drone, the marijuana plants appeared to grow larger.



19.     Lane County records showed that Villy Chanthavong paid the property taxes for the **Defendant Real Property** from November 2020 through November 2023 using checks issued from a Master Donuts business checking account.  Oregon Secretary of State records further showed that in July 2019, Vilaphorn Villy Chanthavong and Beth Chanthavong were listed as the authorized representatives of Master Donuts with a mailing address on Osprey Drive

in Springfield, Oregon. Detectives determined that the Osprey Drive address was the actual residence of Villy and Beth Chanthavong, and that Master Donuts had two locations in Springfield, one on Mohawk Boulevard and the second one on Gateway Street.

**B. Search Warrant Execution**

20.    On August 14, 2024, LCSO, DEA Eugene, and Springfield Police Department executed search warrants at the **Defendant Real Property** as well as Villy and Beth Chanthavong's residence on Osprey Drive, in Springfield, Oregon.  During the warrant service at the **Defendant Real Property**, law enforcement located and seized approximately ten pounds of dried marijuana from a shed, a .22 caliber rifle and a 9mm Ruger semi-automatic pistol found in the bedrooms of the mobile home occupied by the elderly couple tenants, and 519 marijuana plants growing outside and within three greenhouses[2], as shown below:




---

[2] Over 108 marijuana plants were seized from greenhouse #1, 133 plants from greenhouse #2, 30 plants from greenhouse #3, 84 plants growing under the carport, 55 plants growing outside the carport, 98 plants from outside the mobile home, and 11 other plants in various places throughout the property. A fourth greenhouse was on the property but was being used to house chickens.

**Declaration of Daniel Casarez**                                      **Exhibit A Page 7**

21.    Law enforcement tested plant matter samples onsite with MobileDETECT pouches and it tested positive for levels of THC over 0.3%, which indicated that the plants were marijuana and not hemp.

22.    At Villy and Beth Chanthavong's residence on Osprey Drive, law enforcement located eight firearms, ammunition, an external plate carrier with multiple magazines full of ammunition fastened to it, and a jacket with flexible Kevlar body armor panels stitched into it. Law enforcement also seized $53,848 in U.S. Currency, and Villy Chanthavong's 2021 Toyota Truck, the **Defendant Truck**.

23.    In addition, law enforcement seized from the Chanthavong's residence various ledgers and receipts.  Receipts below show a card ending in 7749 identified on the receipt as being used by Beth Chanthavong at Wilco.  Eugene Water and Electric Board (EWEB) records show that same debit card was also used to pay power bills for **Defendant Real Property** in 2023 and 2024.  Furthermore, the EWEB account for **Defendant Real Property** is in the name of Villy Chanthavong and listed the mailing address as the Osprey Drive address, Villy and Beth Chanthavong's residence.

**Wilco Receipt showing Beth's Debit Card ending 7749**

**EWEB Records Show Same Debit Card ending 7749 Paying Power Bills for Defendant Real Property**





24.    A page from a ledger seized from the residence demonstrates that Villy and Beth Chanthavong paid for improvements to the greenhouses on the **Defendant Real Property**, and paid for soil, fertilizer, and additional upkeep for the marijuana cultivation operation at the **Defendant Real Property**.  It shows a balance sheet of the money spent on electricity, seed, plant food, a Bobcat rental, dirt, and "420 light"—all supplies essential for a marijuana grow. 420 is common slang for marijuana.

**Seed; Plant Food; Lights, Bobcat Rent**



## C. Interviews

25.    During the warrant, Villy Chanthavong was interviewed by a LCSO detective.

Villy Chanthavong told the LCSO detective that the mortgage on the **Defendant Real Property**

was $1,200, but he rents the property to an elderly couple for $500 a month. A title and property

search however showed that there were no mortgages or liens against the property.

26.    Although Villy Chanthavong initially denied any knowledge of the marijuana

operation, he admitted he travelled to the **Defendant Real Property** regularly to check on the

elderly couple.  Villy Chanthavong also stated that he knew the amount of marijuana growing on

the **Defendant Real Property** was illegal, and he admitted to cutting and assisting with the marijuana cultivation at the **Defendant Real Property**. Villy Chanthavong claimed he did not get anything out of helping the couple and just did it to help his elders. Villy Chanthavong also admitted to letting them use his 2021 Toyota Tundra, the **Defendant Truck**, which he insured, at no charge, so they could take care of the property, pick up equipment, and go to the garbage.

27.    During the warrant, the elderly couple living at the **Defendant Real Property** were also interviewed by a LCSO Detective. Although the detective struggled with the language barrier, both the man and the woman admitted to living at the location and growing marijuana at the location for four years. They both claimed that they were unable to sell any marijuana last year and threw it in the garbage because no one was buying it after COVID. Both the man and the woman also admitted that they rented from Villy, and that Villy owned the 2021 Tundra.

## CONCLUSION

28.    The evidence in this declaration provides probable cause to believe, and I do believe that the **Defendant Truck** was used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of marijuana, in violation of 21 U.S.C. §§ 841, 846, and 856, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

29.    I also believe that the **Defendant Real Property** was used or intended to be used to commit or facilitate the illegal production, and distribution of marijuana, in violation of 21 U.S.C. §§ 841, 846, and 856, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed this 30th day of September 2025

s/ *Daniel Casarez*
Daniel Casarez
Task Force Officer
Drug Enforcement Administration

**Declaration of Daniel Casarez**                                    **Exhibit A Page 12**